﻿Citation Nr: AXXXXXXXX
Decision Date: 06/27/19 Archive Date: 06/27/19

DOCKET NO. 190313-5910
DATE: June 27, 2019

REMANDED

Entitlement to service connection for tinnitus, to include as secondary to service-connected bilateral hearing loss, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from May 1960 to March 1964. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). Pub. L. No. 115-55, 131 Stat. 1105 (2017) (to be codified as amended in scattered sections of 38 U.S.C.). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review dated on or after February 19, 2019. As this case is based on a VA rating decision dated in March 2019, this decision has been written consistent with the new AMA framework. 

In March 2019, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal) and requested a direct review by the Board.

Entitlement to service connection for tinnitus, to include as secondary to service-connected bilateral hearing loss

This issue on appeal is remanded to correct a duty to assist error that occurred prior to the March 2019 VA rating decision on appeal. In February 2019, the Agency of Original Jurisdiction (AOJ) obtained a VA Disability Benefits Questionnaire (DBQ) examination for hearing loss and tinnitus and medical opinions on direct and secondary (causation only) bases. In light of the VA examiner raising the secondary theory of entitlement, a medical opinion regarding whether the Veteran’s tinnitus is aggravated by his service-connected bilateral hearing loss should have also been provided.

The matter is REMANDED for the following actions:

1. Return the Veteran’s claims file to the examiner who conducted the February 2019 VA DBQ examination for hearing loss and tinnitus so a supplemental opinion may be provided. If that examiner is no longer available, provide the Veteran’s claims file to a similarly qualified clinician. The entire claims file and a copy of this remand must be made available to the examiner for review, and the examiner must specifically acknowledge receipt and review of these materials in any reports generated. A new examination is only required if deemed necessary by the examiner. 

The examiner must opine as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s tinnitus was aggravated beyond its natural progression by his service-connected bilateral hearing loss. 

The examiner must provide all findings, along with a complete rationale for his or her opinion(s) in the examination report. If any of the above requested opinions cannot be made without resort to speculation, the examiner must state this and provide a rationale for such conclusion. 

2. Then, review the examination report and medical opinion to ensure that the requested information was provided. If any report or opinion is deficient in any manner, the AOJ must implement corrective procedures.

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. Carter, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.